NO. 07-12-00196-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 27, 2012

_____

JONATHON C. MCINTOSH, D.D.S., APPELLANT

v.

TEXAS STATE BOARD OF
DENTAL EXAMINERS, APPELLEE

_____

FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-GN-11-001527; HONORABLE JOHN K. DIETZ, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ON ABATEMENT AND REMAND**

On April 2, 2012, appellant Jonathon C. McIntosh, D.D.S. filed notice of appeal from the trial court's judgment affirming action of the Texas State Board of Dental Examiners. By order of the Texas Supreme Court, the appeal was transferred from the Third District Court of Appeals to this Court. Tex. Gov't Code Ann. § 73.001 (West 2005). The clerk's record was filed on July 6, 2012. The reporter's record has not been received.

The reporter's record was due June 1, 2012. This Court has made several attempts through letters and telephone calls to determine the status of the reporter's

record.  On June 12, the official court reporter informed the Court by letter that she had not been asked to prepare a record and was not sure a record had been taken in the case.  However, the clerk's record contains a request for preparation of the reporter's record, filed April 2, 2012.  By a later letter of July 11, addressed to appellant's counsel and the reporter, the Court directed the reporter to file a status report if payment arrangements were not made within twenty days.  On August 1, the reporter filed a status report, stating appellant had not submitted a request for preparation or a written designation for the record, and had not paid or made arrangements to pay for the record.  On August 10, appellant's counsel sent a response to this Court noting and attaching to his letter the request and designation of the reporter's record.  Counsel's response also states that appellant has paid in full for the reporter's record and has complied with the requirements of Rule 35.3(b).  *See* Tex. R. App. P. 35.3(b).  To date, the reporter's record has still not been filed, nor has the Court heard further from the reporter.

The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed.  Tex. R. App. P. 35.3(c).

Accordingly, we now abate this appeal and remand the cause to the trial court for further proceedings.  On remand, the trial court is directed immediately to use whatever means it finds necessary to determine:

  (1) why the reporter's record has not yet been prepared;

  (2) whether the information provided to this Court by the official court reporter is accurate, or that provided by appellant's counsel;

2

(3) whether the prerequisites to preparation of the reporter's record under appellate rule 35.3(b), Tex. R. App. P. 35.3(b), have indeed been met, making the reporter's record due;

(4) if those prerequisites have not been met, in what respects have they not been met;

(5) if those prerequisites have been met, when this Court can expect the reporter's record to be filed; and

(6) any other information necessary for a complete understanding of the status of the reporter's record for this appeal.

The trial court is directed to: (1) conduct any necessary hearings; (2) cause its findings and conclusions, and any recommendations, to be reduced to writing and cause them to be included in a supplemental clerk's record; (3) cause the proceedings of any in-court hearing to be transcribed and included in a supplemental reporter's record; and (4) cause the supplemental clerk's record and any supplemental reporter's record to be sent to this Court, so as to be received by the Clerk of this Court not later than September 28, 2012.

It is so ordered.

Per Curiam